**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John H. BROWN and John W. Curington, Defendants-Appellants.**

No. 75–2240.

United States Court of Appeals,
Fifth Circuit.

Jan. 15, 1976.
Rehearing Denied March 4, 1976.

100, 93 S.Ct. 354, 34 L.Ed.2d 335 (1972) (per curiam).

Phil Burleson, Robt. T. Baskett, and William Andress, Jr., Dallas, Tex., for defendants-appellants.

Frank D. McCown, U. S. Atty., Ft. Worth, Tex., Judith A. Shepherd, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before TUTTLE, GODBOLD and GEE, Circuit Judges.

PER CURIAM:

Appellants, former employees of the Hunt Oil Corporation, appeal their convictions under the federal mail fraud statute, 18 U.S.C. § 1341. They were found guilty by a jury of having knowingly devised a scheme to defraud HLH Products, a division of Hunt Oil, by establishing a brokerage firm to receive fees for servicing an HLH Products account when in fact no such fees were authorized by HLH Products and no services were actually rendered. Both appellants received probationary sentences and each was fined a total of $3,000 and was required to make restitu-

tion to Hunt Oil Company in the amount of $2,501.40.

■ Appellants' primary contention is that a critical part of the evidence presented by the government was discovered as a result of, and was therefore tainted by, illegal electronic surveillance of their private telephone conversations by Bunker and Herbert Hunt and consequently should have been suppressed under the principle announced in *Nardone v. United States,* 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307 (1939). They alleged at trial, as they do now on appeal, that wiretap material was turned over to a private investigatory agency, the Simpson firm, which was conducting an investigation of possible wrongdoing by various Hunt employees, and that this illegally-obtained information formed the primary basis of the Simpson firm's report which later served as the "blueprint" for the instant criminal proceedings. These allegations, however, are totally unsupported by any direct evidence in the record; at trial a number of people who worked on the Simpson report, including Mr. Simpson himself, denied that they had ever received any information from the illegal wiretaps. Furthermore, there was a substantial amount of testimony establishing that the Simpson report was compiled almost exclusively from business records kept by the appellants themselves—a source wholly free from any taint of illegality. It is thus clear that the government carried its burden of proving that the evidence at issue here was derived from an independent source, *Nardone, supra,* at 341, 60 S.Ct. 266, and that consequently the district court did not err in denying appellants' motion to suppress.

■ Appellants' other major contention is that there was insufficient evidence of intent to defraud to support the jury verdict. Their sole defense at trial was the allegation that H. L. Hunt had authorized, both orally and in writing, appellants' business activities giving rise to the instant prosecutions. We find, however, that there is substantial evi-

dence in the record surrounding the circumstances of the transactions involved to support the jury's verdict on this issue. *See Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

We have examined appellants' other contentions and find them to be without merit. The judgment of the district court is accordingly affirmed.